MARGARET K. MARTIN v. NORTHERN PACIFIC BENEFICIAL ASSO-
CIATION.[1]

| 68 | 521 |
|----|-----|
| 81 | 113 |

June 15, 1897.

Nos. 10,574—(222).

**Association—Right of Action by Member.**

The plaintiff's intestate, M., and defendant, were members of an unincorporated association the object of which was to provide relief for its members when disabled by accident or sickness, and at their deaths for their families. While a member of such association, M. was injured by an accident, and thereupon he was taken to defendant's hospital for medical treatment, pursuant to the constitution and by-laws of the association, where, through neglect and maltreatment, he died. The administratrix of M., and as his sole heir and next of kin, brought suit against the association to recover damages suffered by reason of his death in the manner aforesaid. *Held*, that the action was not maintainable.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell, J., sustaining a demurrer to the complaint. Affirmed.

*F. D. Larrabee* and *F. M. Nye*, for appellant.
*C. W. Bunn* and *L. T. Chamberlain*, for respondent.

BUCK, J. On October 23, 1895, Joseph A. Martin, the husband of this plaintiff, died intestate in the county of Crow Wing, in this state. They had been husband and wife for many years, but had no children. On April 27, 1896, the plaintiff was duly appointed administratrix of her husband's estate, and in that capacity brings this action. In the complaint it is alleged that in the year 1882 certain officers and employes of the Northern Pacific Railway Company, other than Joseph A. Martin, voluntarily organized and associated together under the name of the Northern Pacific Bene-

[1] Reported in 71 N. W. 701.

ficial Association, and adopted a constitution and a set of by-laws, a copy of which is made a part of the complaint. This association has ever since continued to do business, and, though its members have changed from time to time, it has at all times consisted of certain officers and employes of said railroad company. On May 24, 1895, said Joseph A. Martin was in the employ of said railroad company, then in the hands of receivers, and in whose employment he had been for a long time immediately prior thereto, and they deducted from his salary the sum of 50 cents per month during each month that he had been in their employment, according to the provision of said constitution and by-laws, which money so deducted was applied for the purposes and in the manner authorized by said constitution and by-laws, viz. for surgical attendance, aid, and treatment when the member was injured by accident while in the service of said railroad company, and in certain instances from other causes or accident, and during disability medical aid to be furnished to the members of the contributor's family in case of necessity, and also certain burial expenses. Although said Martin never expressly authorized such deduction, he submitted to the same by accepting his salary from time to time less the amount so deducted.

Since the year 1882 the defendant has at all times owned, maintained, and operated a hospital at the city of Brainerd. On May 24, 1895, while Joseph A. Martin was employed on the Northern Pacific Railroad, then operated by the receivers, he received an injury to his right foot by reason of one of the engines then operated by said receivers running upon and over said foot, and thereupon he was taken to and placed in defendant's said hospital for medical treatment therein on account of said injuries, where defendant undertook to furnish such treatment and care for said defendant as provided in defendant's constitution and by-laws until the time of said Joseph A. Martin's death, which occurred October 23, 1895. It is further alleged in the complaint that while said Martin was in said hospital, and under the care of said defendant, it neglected to care for, prescribe for, or treat said Martin on account of said injuries in a proper manner, but carelessly, negligently, wrongfully, and unlawfully neglected and maltreated said Martin, whereby,

and solely by reason whereof, said Martin died. Plaintiff, as sole heir and next of kin, brings this action to recover damages against defendant. All of these facts are admitted by the demurrer which defendant interposed. As the constitution and by-laws were made a part of the complaint, the statement of facts therein is also admitted to be true. The trial court sustained the demurrer, but upon what grounds does not appear from the record.

One of the errors assigned is that the trial court held that Martin was a member of the defendant company, and this question is discussed by the respective counsel in the briefs presented. While there is no evidence of any formal application for membership, or any consent in writing whereby he became such member, there is ample evidence that by his conduct he became such member in fact. Some of the qualifications necessary to become a member were that the person should be an employe of the Northern Pacific Railroad Company, and, if he accepted service in such company, he should be deemed a member, and, if his salary was over $25 and under $100 per month, he should pay to the society 50 cents per month. Martin was such employe, and paid this fee for several years, the fee being deducted from his monthly wages, and retained by the asociation for such purpose, with his knowledge, and without his objecting thereto. The by-laws also provided that relief should be provided for contribution to such fund if injured by accident while in the discharge of duty and in the service of said railroad company, which should include surgical attendance at the association hospital. After Martin was injured, he went to the defendant's hospital at Brainerd, for care and treatment under the provisions of said by-laws, and remained there until the time of his death. The acts make him a member in fact of said association.

There is no allegation or pretense that this association is a corporation. It is merely a combination or association of individuals, and no one was to be liable except for assessment, with the right to surgical care and treatment in case of injury while in the employment of the railroad company. The suit is one at law for a tort. As the deceased was a member of the association, he must be deemed to have been as much a party to the selection of the phy-

sicians and nurses at the hospital and its management as any other member of the society. No member had any greater or less rights or obligations than the deceased. The employes at the hospital were just as much the servants of Mr. Martin as they were of all or any other one of his associates, and he could not bring a suit against another for a personal wrong done him by such servant, because it would be as much the act of Martin as that of his associates. If a tort has been committed upon the person of Mr. Martin by the employes of the association, the remedy is against those who committed it, either separately or jointly, and not against the association. Martin was in the hospital by virtue of his membership in the association. He had the same interest in the whole subject-matter of its operation and management as any other member. This being so, he, as one of the members of the association, could not have maintained such an action, and hence his personal representative cannot do so.

Counsel for appellant cite G. S. 1894, § 5177, as authority for maintaining this action against defendant under their firm name. That section provides that when two or more persons associate in business, and transact such business under a common name, they may be sued by such common name, and, when judgment is obtained, it shall bind the joint property of all the associates in the same manner as if all had been named as defendants. That rule would be applicable where the plaintiff had a cause of action against those who were associated and doing business under a common name, but it does not apply to the case at bar, because plaintiff has no cause of action against the association, either upon contract or tort. In the case of McMahon v. Rauhr, 47 N. Y. 67, it was held that part of the members of an unincorporated association could not sue the rest at law, on the contract of the association. To the same effect is Burt v. Lathrop, 52 Mich. 106, 17 N. W. 716. If a suit at law on contract against such an unincorporated association will not lie, certainly one based upon tort committed by some of its members cannot be upheld.

Order affirmed.

CANTY, J. I concur. Under the old practice no action could be maintained against a partnership by one member thereof ex-

cept in a court of equity. But voluntary unincorporated associations, not organized for the purposes of gain or profit, such as mutual insurance associations, are not partnerships, at least as between the members thereof. 3 Am. & Eng. Enc. Law (2d Ed.) 1055; I Lindley, Partn. 50, and notes. But a bill in equity by one member of such an association against the others, is the proper remedy for the recovery of the insurance money due him. Harvey v. Beckwith, 4 New Rep. 90. See, also, the authorities cited by Mr. Justice BUCK. But our Code has largely abolished the distinctions between law and equity. G. S. 1894, § 5177, permits two or more persons associated together in any business to be sued by the association name, the summons being served on one or more members, and section 5360 allows a jury trial in a case brought against such an association by one of its members where no equitable relief is sought except the recovery of money. Then an action on contract in such a case has every semblance of an action at law, and we have become accustomed to regard such a voluntary unincorporated association as an entity separate and distinct from its members, as much so as if it were incorporated.

But this change in the remedy has in no respect changed the rights of the member as between himself and the association or the other members. If under the old practice no action would lie either in law or equity by one member against the association or the other members thereof for such a tort as the one here alleged, this action will not lie. If the members were partners it is clear that one member could not recover of the others either in law or equity, for the tort of a servant of the firm, who was as much his servant as theirs, and for whose acts he was as much responsible as they were. But the members of a mere voluntary association are much less liable for the acts of its agents and servants than are the members of a partnership for the acts of its agents and servants, and while the injured member of such a voluntary association is less responsible for the act of the common servant injuring him, in the same degree are his fellow members less responsible for that act. Then the member so injured is in no better position because the concern is a mere voluntary association than he would be if it was a partnership.