L. G. SHAFFER v. MORRIS BANK, ADMINISTRATOR OF JULIUS SHAFFER,
    DECEASED; IDA BANK, WIFE OF MORRIS BANK, AND FIDELITY AND
    CASUALTY COMPANY OF NEW YORK.

(Filed 7 October, 1931.)

1. **Pleadings D d—Demurrers may be pleaded only for the causes speci-
   fied by statute.**

   Under our practice all demurrers are special and may be pleaded only
   for causes specified in the statute. C. S., 511, 512.

2. **Pleadings D e—On demurrer allegations of complaint will be liberally
   construed.**

   Upon a demurrer the allegations of the complaint are taken as true and
   they will be construed liberally, and if when so construed it sets out
   sufficient facts, or sufficient facts can fairly be gathered therefrom to
   state a cause of action, the pleading will stand.

3. **Appearance A a: A b—Demurrer to sufficiency of complaint is a gen-
   eral appearance waiving defective process.**

   By demurring to the sufficiency of the complaint a defendant makes
   a general appearance constituting a waiver of his objection that he is a
   nonresident and that the court has no jurisdiction over his person.

4. **Pleadings D a—Improper venue may not be taken advantage of by
   demurrer.**

   A demurrer to the complaint on the grounds that the action was an
   attack on the final accounting of an administrator and was not brought

in the county where the letters of administration were issued, is bad, venue not being jurisdictional and being available to the objecting party not by demurrer, but by motion in the cause, C. S., 470, it further appearing in this case that the plaintiff might have the right to bring the action in the county of his residence under C. S., 465.

**5. Pleadings D c—Demurrer invoking matters not appearing in complaint is bad.**

Where the grounds for demurrer invoke matters not appearing upon the face of the complaint or ignore specific allegations therein that the plaintiff's assignment of his interests was procured by fraud the demurrer should be overruled.

**6. Pleadings D b—Held: demurrer for misjoinder of parties and causes should have been overruled.**

The plaintiff may unite in one complaint several causes of action if they all arise out of the same transaction or a transaction connected with the same subject of action, C. S., 507, and *held* in this case that there was not such misjoinder of parties and causes as to require a dismissal upon defendant's demurrer.

APPEAL by plaintiff from *Harris, J.,* sustaining a demurrer to the complaint at February Term, 1931, of NASH. Reversed.

The complaint sets out the following allegations. The plaintiff resides in Nash County; Morris Bank and his wife, in Baltimore. The principal office of the corporate defendant is in the city of New York.

Julius Shaffer died 12 August, 1929, leaving neither wife nor children, his next of kin being two brothers and a sister, namely, the plaintiff, Morris Shaffer of New York, and the defendant Ida Bank.

The deceased was a resident of Fayetteville. The plaintiff and Morris Bank conferred as to an administration on the estate. Afterwards, Morris Bank by letter requested the plaintiff to renounce his right to qualify as administrator and the plaintiff refused. Morris Bank then went to Fayetteville and falsely represented to the clerk in Cumberland County that he was the proper person to qualify, that all the relatives of the deceased were nonresidents of this State, and that he held their renunciation. In this way he falsely secured letters of administration and gave bond in the sum of $60,000, with the corporate defendant as surety. Morris Bank was indebted to the estate in the sum of $9,800. Ida Bank consented to and approved what he had done. As administrator he received and removed from North Carolina all the assets of the estate.

These two defendants unlawfully conspired to cheat and defraud the plaintiff and held the evidences of Morris Bank's indebtedness to the estate of the deceased; fraudulently concealed from the plaintiff the financial condition of the estate; misrepresented the value of the

plaintiff's interest; stated that it would hasten a settlement of the estate if the plaintiff would execute a deed of assignment to Ida Bank; and that by reason of the fraud so practiced the plaintiff assigned all his right, title, and interest in the estate of the deceased. He received $16,500, which the administrator represented to be the worth of the plaintiff's interest and which in fact was much less than its value.

On 4 December, 1929, the administrator filed with the clerk in Cumberland County a purported final account showing the value of the estate to be approximately $70,000, although in fact it was worth in excess of $100,000. The plaintiff demanded payment of the full value of his interest, which the administrator refused to pay. The plaintiff then brought suit in the Superior Court of Cumberland County and the administrator accounted for $3,000, the difference shown by the account, but still concealed from the plaintiff the true value of the estate and of his interest therein, and in this way secured the signing of a consent judgment.

The plaintiff afterwards discovered that the estate was worth much more than the administrator's account disclosed and finally brought this action to recover the amount demanded in the complaint as money had and received to the use of the plaintiff.

The defendants demurred to the complaint, the court sustained the demurrer, and the plaintiff appealed.

*Grissom & Marshburn and Cooley & Bone for plaintiff.*
*Nimocks & Nimocks and Dye & Clark for defendants.*

ADAMS, J. Under our practice all demurrers are special and may be pleaded only for the causes specified in the statute. C. S., 511, 512; *Love v. Comrs.,* 64 N. C., 706. The causes for which the present defendants demur are the improper joinder of parties and causes, the plaintiff's failure to state a cause of action, and "no jurisdiction" of the person of one of the defendants, or of the subject of the action.

The demurrer admits all the allegations in the complaint; and in giving the complaint a liberal interpretation we must adhere to the oft-repeated rule that if it sets out facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can fairly be gathered from it the pleading will stand, because the plaintiff is entitled to the benefit of every presumption and of every reasonable intendment. *S. v. Bank,* 193 N. C., 524; *Seawell v. Cole,* 194 N. C., 546.

The demurrer contains the recital that the defendants "enter a special appearance and demur to the complaint." The *feme* defendant undertook to amend the original demurrer by stating that she entered a special

14—201

appearance and moved to dismiss the action as to her, for the reason that she was a resident of Baltimore and not subject to the jurisdiction of the court.

If the *feme* defendant meant that she had been brought into court by defective process or defective service she should have made a special appearance in the beginning and questioned the court's jurisdiction of her person. Instead of doing this she joined her codefendants in filing a demurrer to the sufficiency of the complaint and thereby entered a general appearance. The demurrer previously filed was addressed to the merits of the action and constituted a full appearance and submission to the jurisdiction of the court. *Motor Co. v. Reaves,* 184 N. C., 260; *Scott v. Life Asso.,* 137 N. C., 515; N. C. Pr. & Pro., sec. 328.

Morris Bank took out letters of administration in Cumberland County, and the defendants demur on the ground that the complaint is an attack upon the administrator's final account, over which, it is contended, the Superior Court of Nash County has no jurisdiction. Whether the object of the action is exclusively to impeach the final account may be doubted; but if it is, we must keep in mind the clear distinction between jurisdiction and venue. Jurisdiction implies or imports the power of the court; venue the place of action. Prior to 1868 venue was jurisdictional. *Killian v. Fulbright,* 25 N. C., 9; *Smith v. Morehead,* 59 N. C., 360. Under the present practice it is otherwise. Venue may now be waived because it is not jurisdictional, and is available to the objecting party, not by demurrer, but by motion in the cause. C. S., 470; *Rector v. Rector,* 186 N. C., 618; *Clark v. Homes,* 189 N. C., 703.

There is another point. The complaint shows that the plaintiff resides in Nash County and that all the defendants are nonresidents of the State. Neither of them resides in Cumberland County. If the action be treated as a suit upon the official bond of the administrator the defendants will be confronted by the following statute: "All actions upon official bonds or against executors and administrators in their official capacity must be instituted in the county where the bonds were given if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county." C. S., 465.

The second, third, fourth, and sixth grounds of demurrer invoke matters which do not appear on the face of the complaint and ignore the specific allegation that the alleged agreement of the parties and the plaintiff's assignment of his interest were procured by false and fraudulent representations. *Sandlin v. Wilmington,* 185 N. C., 257; *Hamilton v. Rocky Mount,* 199 N. C., 504.

The complaint does not reveal such a misjoinder of parties and causes as requires a dismissal of suit. *Shuford v. Yarborough,* 197 N. C.,

150. As pointed out in *Trust Co. v. Peirce,* 195 N. C., 717, the complaint states a connected story, forming a general scheme and tending to a single end. The plaintiff may unite in the same complaint several causes of action if they all arise out of the same transaction or a transaction connected with the same subject of action. C. S., 507.

The judgment sustaining the demurrer is reversed. When they answer the complaint the defendants will have opportunity to set up all the defenses on which they rely. Judgment

Reversed.