BERTHA SMITH, ADMINISTRATRIX OF CLARENCE SMITH, DECEASED, v. J. CARL SINK AND WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 16 December, 1936.)

1. **Negligence B d: Railroads D d—Complaint held to allege joint negligence of driver and railroad company for injury on railroad overpass.**

    The complaint alleged that a piece of timber from a bridge over the corporate defendant's tracks struck and killed intestate when the car in which he was riding as a guest was driven into the side of the bridge, that the driver of the car was intoxicated and was driving at an excessive speed, and that the bridge was allowed to remain with broken guard rails projecting in a manner hazardous to the traveling public, and that the corporate defendant had prior knowledge of its condition, and that intestate's death was proximately caused by the concurrent negligence of the driver and the railroad company. *Held:* The complaint states a cause of action against defendants as joint tort-feasors, entitling plaintiff to maintain an action against either or both, and the corporate defendant's demurrer on the ground that it appeared from the facts alleged that the negligence of the driver of the car was the sole proximate cause of the injury was properly overruled.

2. **Pleadings D e—**

    Upon demurrer, the complaint must be construed in the light most favorable to the plaintiff.

APPEAL by the defendant Winston-Salem Southbound Railway Company from *Rousseau, J.,* at June Term, 1936, of DAVIDSON. Affirmed.

*T. S. Wall, Jr., and P. V. Critcher for plaintiff, appellee.*
*Craige & Craige and Phillips & Bower for defendant, appellant.*

PER CURIAM. This is an appeal by the corporate defendant from judgment overruling its demurrer grounded upon the contention that the complaint does not state facts sufficient to constitute a cause of action against it, since it appears from the complaint that the negligence of the defendant Sink was the sole proximate cause of the death of the plaintiff's intestate.

The complaint alleges that on 12 January, 1936, the plaintiff's intestate met his death while riding as a guest in an automobile owned and driven by the defendant Sink; that the automobile was driven in a negligent manner in that it was driven at an excessive rate of speed, and without keeping a proper lookout, and while the driver was intoxicated, and that as a direct and proximate result of such negligence the automobile was driven into the side rail at the entrance of a bridge over the corporate defendant's tracks, causing a piece of timber from the bridge to enter the moving automobile and strike the intestate with great force, resulting in his death.

The complaint, after alleging the duty of the corporate defendant to properly construct and maintain the bridge on which the intestate received his mortal wound, further alleges that the corporate defendant was negligent, *inter alia:*

"(i) In that the defendant Winston-Salem Southbound Railway Company, carelessly and negligently, through its agents and employees, failed in its duty to properly repair the north side of the south end of the railroad bridge across said right of way and cut after that part of the bridge had been destroyed or broken off.

"(j) In that the defendant Winston-Salem Southbound Railway Company, through its agents and employees, left the broken guard rails of said bridge projecting or protruding so that the same was dangerous and hazardous and a menace to the public traveling across said bridge.

"(k) In that the defendant Winston-Salem Southbound Railway Company, through its agents and employees, used defective material in the repair of the north side of the south end of said bridge across said cut and allowed them to remain in that condition to its knowledge prior to the time of the injuries hereinbefore set out."

The plaintiff further alleges that the death of her intestate was proximately caused by the joint and concurrent negligence of the defendants.

Where an injury to a third person is proximately caused by the negligence of two persons, to whatever degree each may have contributed to the result, the negligence of the one may not exonerate the other, each being a joint tort-feasor, and the person so injured may maintain his action for damages against either one or both. *White v. Realty Co.,* 182 N. C., 536.

Construing the allegations of the complaint in the light most favorable to the plaintiff, as we must do on demurrer, we are of the opinion that his Honor was correct in overruling the demurrer, and that the judgment below should be affirmed, and it is so ordered.

Affirmed.