**McCLEES v GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS**

Ohio Appeals, 1st Dist, Hamilton Co

No 5322. Decided Feb 7, 1938

Carl Phares, Cincinnati and Horn, Weisell, McLaughlin & Lybarger, Cincinnati, for appellant.

## OPINION

### By ROSS, PJ.

This is an appeal on questions of law from a judgment of the court of common pleas of Hamilton county, Ohio.

An initial question claims our attention. It is asserted that the defendant is not suable. It is claimed it is not a legal entity, but, on the contrary, is merely an unincorporated voluntary association of railroad engineers. Such fact does not appear in the petition, and could, therefore, not be reached by demurrer. It is **Headnote 1.** an issue which could be seasonably reached for the first time by answer. Bucurenciu v Ramba, et al,. 117 Oh St 546.

A demurrer was filed to the petition, predicated upon four grounds:—First, that the court had no jurisdiction of the person; second, defect of parties defendant; third, that the petition failed to state a cause of action; and, fourth, that the action was barred by the statute of limitations.

The court overruled the demurrer as to the first three grounds and sustained the demurrer as to the fourth ground, involving the statute of limitations.

The plaintiff then filed an amended petition ,in which it was alleged:

"Plaintiff says that the defendant is an unincorporated organization composed of many thousands of members located throughout the United States and Canada; that the individual members are too numerous for all of them to be brought before the court as parties defendant and that the defendant, Grand International Brotherhood of Locomotive Engineers, is sued by its officers above named, who represent the organization.

"Plaintiff says that said organization was formed for the following purpose:

Ratterman, Cowell & Fletcher, Cincinnati and Israel J. Horwitz, Cincinnati, for appellee.

674

"· (Preamble of Constitution)

The Purposes of this organization shall be to combine the interests of Locomotive Engineers or other men in engine service who are now, or may hereafter become eligible to membership in this Organization, elevate their social, moral and intellectual standing; to guard their financial interests, and promote their general welfare; its cardinal principles, sobriety, truth, justice and morality.

" 'The interests of the employer and employee being co-ordinate, the aim of the organization will be co-operation and the cultivation of amicable relations with the employer, and to guarantee the fulfillment of every contract made in its name by the use of every power vested in it.

"Plaintiff further says that the Constitution of the Defendant, Section 1 (a) and (b) provides as follows:

" 'This Organization shall be known as the Grand International Brotherhood of Locomotive Engineers with headquarters located at Cleveland, Ohio. It shall consist of two Departments: first, the protective department; second, the financial department.

" 'The protective department shall have full jurisdiction and power over the wages and working conditions of locomotive engineers in active service as defined in §29 of the Statutes and all questions pertaining thereto and/or arising thereunder.' "

The defendant filed an answer to such amended petition, in which the suability of the defendant was again raised. If the contention of the defendant is correct, judgment should be here rendered in favor of the defendant, as this question has been properly presented.

It is our conclusion that either under those cases following United Mine Workers of America, et al. v Coronado Coal Company, et al., 259 U. S., 344, or our own statute, §11257 GC, if proper foundation is laid, the defendant is suable. This entirely disposes of the contention that the trial court did not have jurisdiction of the defendant because it was not suable.

The amended petition properly alleged the status of the defendant and in the caption and summons named certain members thereof. The service upon the petition was defective, however, in view of the fact that none of such persons so named were served. One member of the organization, not named, was served. It is our conclusion that a motion to quash such service would, and should have been sustained, but no such motion was filed.

The demurrer to the petition, it will be remembered, not only attacked the petition upon the ground that the court had no jurisdiction of the person, but also upon the ground the petition stated no cause of action, and defect of parties defendant, and the running of the statute of limitations.

It has long been held that matters involving irregularities of process must be seasonably raised. The defendant must question the jurisdiction of the court at the earliest moment, and appearance for any other purpose, or for a purpose additional to that of questioning the jurisdiction of the court over the person, enters a general appearance for all purposes. 3 O. Jur. 18; State, ex rel. Nagy Exrx. v Industrial Commission of Ohio, 41 Oh Ap 549 (11 Abs 611); Continental Automobile Mutual Ins Co v Morton, 23 Abs 311; Virginian Joint Stock Land Bank v Kepner, et al., 54 Oh Ap 352, (23 Abs 365.)

In the instant case, in its demurrer to the original petition, the defendant not only raised the question of jurisdiction over the person, but also attacked the merits of the petition upon three grounds. It, therefore, entered its appearance for all purposes and if it was capable of being sued, it was before the trial court and this court for all purposes. Had a motion to quash been first filed and overruled and this question of defective process been also preserved in the answer, we would have the question before us now. As it is, the question can not now and here be considered.

We pass on to a further objection of the defendant. It is contended that as it appears from the amended petitions of the plaintiff that he is a member of the defendant organization, which he complains has failed to perform certain duties owing the membership, he is in effect suing himself.

We quote from the second amended petition:

"Plaintiff further says that he is a locomotive engineer and that he has been a member of the defendant organization since November 15, 1907; that he is employed by the Chesapeake & Ohio Railroad Company and that he was employed by said railroad company on July 12, 1916 and has seniority rights on said road dating from said date as an engineer.

"Plaintiff further says that the defendant organization, in accordance with the terms of the contract, that is, the constitution, statutes and standing rules, with the plaintiff, owed him the duty to fix, determine and enforce his seniority rights with the said railroad company; and when lay-offs and re-employment occurred on account of decrease and increase of railroad business it became the duty of the defendant organization to fix and determine plaintiff's seniority rights in accordance with the constitution, statutes and standing rules of the defendant organization and their contract with the Chesapeake and Ohio Railroad Company and to notify the officials of said railroad company of plaintiff's seniority rights and enforce same on said railroad."

Essentially this is a claim that all the members of the organization except the plaintiff contracted with him (plaintiff) to perform an agreement, which obligation they have failed to carry out and that he, therefore, may sue these members for a breach of such contract. Otherwise if the suit is directed against the entire organization, he is pro tanto suing himself, as was the case in **Boone v Century Athletic Club, 49 Oh Ap 155**, where this court held adversely to such an attempt.

It is also apparent that such position seriously jeopardizes the status of the plaintiff when he maintains the right to sue "an unincorporated organization composed of many thousands of members located throughout the United States and Canada", the individual members being too numerous to be brought before the court as parties defendant.

Suppose there were only five members in such association, the rules permitting suit as a body, of course, would not apply. They must all be brought into court. The claim is not that the dereliction of any individual members render them personally liable but that the dereliction of certain members renders the entire membership liable for breach of contract. If the membership consisted of only a few and they were sued as a body, the plaintiff himself being a member would certainly be included as a defendant and he would thus be both plaintiff and defendant. Is the situation at all different because the plaintiff by reason of necessity is permitted to sue a vast number of individuals as a group? We think not. The claim is that the organization failed to perform. That simply means

that the plaintiff pro tanto failed to perform a duty to himself.

In many jurisdictions, courts refuse to permit such actions and maintain that unincorporated societies are not suable as such. It is only by reason of necessity that courts as in the Coronado case have held that by service upon a few, the entire groupe may be required to respond. We can not conclude, however, that such holding implies that a separate legal equity is created exclusive of the individuals constituting the membership. In all of these cases it is still the membership that is sued, it is the membership that is held responsible, and it is the membership—all of the members—that must respond in damages for a breach of duty imposed upon the group as such.

There may be cases where a member sues for a breach of duty due him not as a member but as an ordinary individual, but in the instant case the breach of duty assigned was the failure or refusal of the International Group organization to preserve and secure his seniority rights as an engineer upon a railroad, of which he had for some time been an employee. It was his very membership in the organization upon which he predicates his right to the service of the body. It was the failure of the proper officers of the group to perform their duties which he assigns as an actionable dereliction of duty. The plaintiff in the instant case sued as a member, not as an individual. If the defendant includes 400,000 members and the plaintiff is suing the organization as such, he is suing all of the 400,000 members. If he excludes himself and is suing only 399,999, then he is not suing the complete organization as such, and his right to maintain a group suit fails, and he must sue the members individually. It is only because the 400,-000 constitute an organization, functioning under a selected name, that by necessity he is permitted to sue the body of members. But he is just as much a member as any other individual in the organization. He is needed to complete the whole. When he excludes himself, as he must do if he would not sue himself, he destroys the organization he is seeking to hold responsible, since there is in fact no legal entity separate from the group.

The plaintiff seeks to hold the membership liable for the dereliction of certain officers of the organization, who, of course, were agents for the entire body. It appears from a review of the evidence that these officers were overruled by the mem-

bership in open meeting. Still the plaintiff seeks to hold the membership, the entire membership for damages because of the dereliction of duty of such agents. who it is also very plain were his own agents just as much as the agents of the other 399,-999 members of the defendant. Certainly, a principal may sue an agent for dereliction of duty, but, certainly, he may not sue his co-principals for a dereliction in duty of their common agent.

We consider that the following authorities support our conclusion on this position of the case:—Wrightington on Unincorporated Associations, 2nd Ed. p. 378; Ruth v Humboldt Stamm, 61 Conn. 227; Cheeny v Clark, 3 Vt. 431; Kelly v National Society of Operative Printers' Assistants, 84 Law Journal 2236, 1915, (King's Bench Division, in Court of Appeals); Rex v Cheshire County Court Judge and the United Society of Boilermakers, Malone, ex parte, 90 Law Journal, 772, 1915 (King's Bench Division, in Court of Appeals).

Our holding upon this phase of the case would justify alone our final conclusion as to this appeal. However, we consider that something should be said about the attempted proof of the cause of action, attempted to be alleged, granting for the moment that a right of action existed.

Any attempt to recite the facts in detail would unduly extend this opinion. We content ourselves with just a brief outline.

The plaintiff, a railroad engineer and member of defendant organization, was laid off because of lack of work. He travelled about the country from place to place seeking, and in some cases finding employment upon various railroads. Under the understanding between his organization and the railroad, he was entitled to be returned to work when his seniority rights entitled him to this privilege. He discovered than an engineer of lower seniority rights than those possessed by him had been returned to work in the division of the railroad upon which he was entitled to employment. The matter was taken up with the local division of his organization. Through the influence of a brother of the engineer, who supplanted him, he had some difficulty in getting the local officials to prosecute his claim with the railroad. A vote of the membership finally required such action. An examination of the constitution, statutes, and rules of the defendant international organization shows that the relation of the international body to the local division is one of general super-

vision only. We find a complete absence of proof of any obligation in ██ such larger organization upon which could be predicated, under any circumstances, a contractual duty permitting an action for damages by a member.

Thus viewing the matter, it is our conclusion that the judgment of the common pleas court must be reversed, and in view of the law applicable hereinbefore noted judgment must be here rendered for the defendant.

Judgment may be presented accordingly.

HAMILTON & MATTHEWS, JJ, concur.