# Frederick Duplis v. Rutland Aerie, No. 1001, Fraternal Order of Eagles

[111 A2d 727]

January Term, 1955.

Present: Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.

Opinion Filed February 1, 1955.

*Abatiell, Radigan & Delliveneri* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

Cleary, J.   This is an action in tort to recover damages for injuries suffered by the plaintiff on April 22, 1951 when he tripped and fell on the stairway while leaving the defendant's premises.   The case is here on the plaintiff's exception to the sustaining of the defendant's demurrer to the plaintiff's complaint, the cause having been passed to this court before final judgment, pursuant to the provisions of V. S. 47, §2124.

The causes of the demurrer are that the complaint alleges [1] that the defendant was an unincorporated fraternal beneficiary association and voluntary mutual benefit society; [2] that the plaintiff was a member in good standing of said defendant society; [3] acts of negligence on the part of the association through its officers, employees and agents for which the plaintiff seeks to hold the defendant liable in tort for damages, but acts of negligence of such agents are imputed to all members including this plaintiff so the plaintiff may not recover.

■ In his brief the plaintiff has introduced matter which is not in the pleadings. This matter cannot be included because on demurrer only what appears in the complaint can be considered by this Court. *State v. Caplan,* 100 Vt 140, 155, 135 A 705; *Powell & Powell* v. *Greenleaf & Currier,* 103 Vt 46, 48, 151 A 508.

■ In his brief the plaintiff states that all officers, employees and agents of the defendant unincorporated association, at all times material, were co-members and co-partners with the plaintiff, engaged in a joint and common enterprise. In oral argument plaintiff's counsel stated that the parties were engaged in a joint enterprise as partners. They are so considered under our decisions. *Walker* v. *Wait,* 50 Vt 668, 674; *Patch Mfg. Co.* v. *Capeless,* 79 Vt 1, 6, 63 A 938; *Houghton* v. *Grimes,* 100 Vt 99, 105, 135 A 15. For this reason the plaintiff cannot maintain the present suit. No one can be interested as a party on both sides of the record. One partner cannot sue a partnership of which he is a member. *Green & Roberts* v. *Chapman,* 27 Vt 236, 239; *Beede* v. *Fraser & Co.,* 66 Vt 114, 117, 28 A 880; *Manatee Loan & Mtg., Co.* v. *Manley's Est.,* 106 Vt 356, 363, 175 A 14. For this reason the lower court properly sustained the defendant's demurrer. When a case is passed up here before final judgment under V. S. 47, §2124 the statute provides that this Court may render final judgment or remand the case, as seems just. In the present case there appears to be no reason for further proceedings so we will render final judgment here. *Order sustaining the demurrer sustained. Judgment for the defendant with costs.*