S. T. GLOVER, JR. v. BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES.

(Filed 8 April, 1959.)

**1. Pleadings § 15—**

A demurrer admits, for the purpose of testing the sufficiency of the pleading, all facts well pleaded in the complaint.

**2. Pleadings § 19c—**

If the facts alleged in the complaint, taken as true and liberally con-

strued in favor of the pleader, are sufficient to state a cause of action, demurrer should be overruled.

**3. Master and Servant §§ 2e, 6f:　Associations § 5—**

Where a member of a union alleges a contract with the union under which the union was given exclusive authority to prosecute the member's claim for reinstatement of employment after wrongful discharge, the defense that the member and the union are co-principals will not preclude recovery on the contract for asserted failure of the officers and agents of the union to discharge the union's contractual obligations to prosecute with due diligence the member's claim, since the union has authority to make such contract and may not defeat recovery thereon by asserting that the member was a co-principal. G.S. 1-69.1.

**4. Same— Allegations held sufficient to state a cause of action in favor of union member for failure of the union to prosecute with diligence the member's claim for reinstatement of employment.**

Where, in an action by a railroad employee against his union, the complaint alleges that plaintiff was wrongfully discharged by his employer, that a supplemental contract betwen the union and plaintiff gave the union exclusive authority to prosecute plaintiff's claim for reinstatement, that the union prosecuted such claim through the National Railroad Adjustment Board, that the Board's order established the wrongful discharge and ordered reinstatement, which the carrier refused, that plaintiff had a good cause of action to compel compliance, but that the cause of action was lost by reason of the union's negligent failure to make timely application to the Federal Court to have the order enforced, and that by reason thereof plaintiff's claim for reinstatement was barred, to his loss in the minimum amount of the wages he would have received had the order been enforced, the complaint is sufficient to state a cause of action as against demurrer, and particular allegation that the courts would have enforced the order of the Board by directing the reinstatement of the member and the award of damages in the amount claimed, is not essential.

**5. Same—**

In an action by a railroad employee against his union to recover for the alleged negligent failure of the union to prosecute the member's claim for reinstatement of his employment after wrongful discharge, demurrer on the ground that the employee, as well as the union, was entitled to prosecute the claim under the Railway Labor Act, 45 U.S.C.A. 153(p), is properly overruled when the complaint alleges a contract between the member and the union under which the union was given exclusive right to prosecute the claim administratively and judicially, and the member was required to forego his right to prosecute the claim.

MOORE, J., not sitting.

PARKER, J., dissents.

BOBBITT, J., concurring.

APPEAL by plaintiff from *Moore, J.,* in Chambers, September 6, 1958, NEW HANOVER Superior Court.

GLOVER *v.* BROTHERHOOD.

Civil action for damages the plaintiff alleges he sustained because of the defendant's failure to fulfill its contract obligation to institute, and to prosecute, in his behalf a civil action in the United States District Court against the Atlantic Coast Line Railroad for the recovery of wages, seniority, and other rights which resulted from his wrongful discharge.

The plaintiff alleged: "The defendant is an unincorporated labor association (hereafter called the brotherhood) with its principal office and place of business in the City of Cinncinati, State of Ohio, . . . does business in New Hanover County, North Carolina, in performing the acts and purposes for which it was formed, . . . organizing. . . employees of the Atlantic Coast Line Railroad Company (hereafter called the carrier), accepting into the brotherhood those eligible for membership, negotiating agreements on behalf of the members concerning pay, rules of employment, working conditions, participating in efforts to settle disputes on behalf of the members, . . ."

The brotherhood was the legally authorized representative of the craft to which the plaintiff belonged. Pursuant to provisions of the Act of Congress known as the Railway Labor Act (45 U.S.C. 151 et seq.) the brotherhood had entered into a written agreement with the carrier concerning rates of pay, working conditions, etc. The contract provided that a member could not be dismissed without investigation and hearing. The carrier filed against the plaintiff, member of the brotherhood, a charge that he entered into the carrier's office building accompanied by outsiders for purposes not connected with his employment, against carrier's rules. As required, the plaintiff notified the brotherhood through its local officials who determined he was not guilty of misconduct and that the charges should be defended. (The foregoing is a summary of the first seven allegations of the complaint.)

"8. By reason of the plaintiff's membership in the defendant association, the understanding, agreements and obligations made, entered into and assumed in connection therewith, and the by-laws, rules, regulations and customs of the defendant association, it was at all times herein mentioned required, obligated and under a legal contractual duty to represent the plaintiff in connection with any grievance and hearing thereon arising under the said collective bargaining agreement and to prosecute to a final conclusion in a timely, diligent and proper manner, both administratively and judicially, any claim existing or order or award made in his behalf against the carrier by any committee or board under the provisions of said collective bargaining agreement and the Railway Labor Act herein mentioned, and the plaintiff was

obligated and under a contractual duty to refrain from undertaking on his own behalf the defense of any such charges or the prosecution, either administratively or judicially, of any such claim, order or award against the said carrier."

The brotherhood, through its proper officials, represented the plaintiff, member, at hearings and when the carrier discharged him the brotherhood appealed to the chief operating officer of the carrier as required by the collective bargaining agreement; that just grounds for discharge did not exist and that the investigation did not disclose any misconduct or rule violation. (The foregoing is a summary of allegations 9, 10, 11 and 12 of the complaint.)

"13. No adjustment of the dispute was accomplished by the above described efforts. Thereupon, on or about January 7, 1952, the defendant, through its General Chairman, advised the plaintiff that the carrier had refused to reinstate the plaintiff and pay him for time lost and that the defendant would submit the dispute to the National Railroad Adjustment Board and in event of a favorable award it would seek enforcement thereof by Court action under the Railway Labor Act if the carrier refused to comply with such award. The plaintiff was required by said General Chairman to execute and deliver and on or about that date the plaintiff did execute and deliver to the defendant a power of attorney in writing authorizing and empowering the defendant and its duly accredited officers and agents, as his agents and attorneys in fact, to submit the dispute to the National Railroad Adjustment Board and to present, fully process and handle to a conclusion, before said Board, with the carrier, and in court, if necessary, under the provisions of the aforesaid collective bargaining agreement and the Railway Labor Act, the claim on behalf of plaintiff for restoration to service with all rights unimpaired and reimbursement of wages lost by him as a result of the wrongful discharge."

The National Railroad Adjustment Board (hereafter called the board) is created by the Railway Labor Act with jurisdiction to hear disputes involving clerical employees and the carrier. The brotherhood, acting through its Grand President, submitted the plaintiff—carrier dispute to the Board (Third Division), appeared before it on behalf of the plaintiff, made an argument and filed a brief. The board, among other things, found that the assessment of discipline imposed by the carrier was arbitrary and without just cause, and issued its order to the carrier directing it to make effective said award by restoring

the plaintiff to service with all rights unimpaired, and to compensate him for the wages lost. Efforts of the brotherhood to have the carrier carry out the board's award failed. The carrier refused to reinstate the plaintiff and to pay his lost wages. (The foregoing is a summary of paragraphs 14, 15, 16, 17, and 18 of the complaint.)

"19. Under the provisions of Section 3(p) of the Railway Labor Act, as amended (45 U.S.C. 153(p)) the defendant brotherhood was empowered to file on behalf of plaintiff in the District Court of the United States for the Eastern District of North Carolina, a civil action to enforce the above mentioned order. Said section authorized the filing of a petition setting forth briefly the causes for which relief was claimed on behalf of the plaintiff, and the order of the Division of the Adjustment Board in the matter. Said section further provides that on the trial of such suit the findings and order of the Division of the Adjustment Board shall be *prima facie* evidence of the the facts therein stated. The said Section further empowers the District Courts, under the rules of the Court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce the order of the Division of the Adjustment Board."

"20. Section 3(q) of the said Railway Labor Act (45 U.S.C. 153(q)), provides that all actions at law based upon the provisions of said section shall be begun within two years from the time the cause of action accrued under the award of the Division of the Adjustment Board and not thereafter. The cause of action which accrued in favor of the plaintiff under the award of the said Division of the Ajustment Board accrued on March 15, 1953, which was the date the said award became effective. The period of two years within which the said suit might have been instituted for the enforcement of said award expired on March 15, 1955."

"21. The defendant brotherhood, with full knowledge of limitation prescribed by said statute, failed and neglected to file said suit within the said period of two years and the cause of action existing in favor of the plaintiff and against the said carrier for the enforcement of the award of the National Railroad Adjustment Board was barred by the said statute of limitations on March 13, 1955. As a result of the defendant's delay and negligence the plaintiff's cause of action and his remedy against said carrier was thereafter and is forever barred."

"22. The plaintiff continued to be a member of the defendant association in good standing until March 15, 1955. During all

the time that plaintiff was a member of the defendant association, he complied in all respects with and duly performed all the conditions of the constitution, bylaws and regulations thereof and particularly refrained from undertaking to handle or prosecute his claim either administratively or judicially, as he was required and obligated to do. He depended and relied entirely, as he had the right and was obligated to do, on the handling and prosecution thereof to a conclusion by the defendant, through its officers and accredited representatives."

"23. Plaintiff herein had and now has, except for the running of the statute of limitations, a good and sufficient cause of action against the said carrier for his wrongful discharge as found by the award of the National Railroad Adjustment Board."

"24. As a result of the foregoing, the plaintiff was not restored to service and cannot enforce reinstatement and he has not received and cannot now recover from the said carrier the pay for time lost at the rate of pay of the position he occupied at the time of his wrongful dismissal, or any position which might have come open after December 15, 1951, to which his seniority would have entitled him. By reason thereof, he has been damaged in at least the amount of $18,000.00 which is the minimum that he would have been entitled to receive to the date of the institution of this action, no part of which has been paid although the same has been duly demanded. The full and accurate amount of damages suffered by plaintiff cannot be determined except from the books and records of the said carrier."

The defendant filed the following demurrer:

"NOW COMES the defendant in the above entitled case and demurs to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action for the reasons and on the grounds which follows:

"First. As shown on the face of the complaint by paragraphs 5 and 22, plaintiff was for some time prior to December 3, 1951, until March 16, 1955, after his alleged grievance against the defendant arose, a member of defendant Brotherhood. As such, it is well settled in both state and federal courts that a member of an unincorporated association is a co-principal jointly responsible for the acts of the agents of such association, and while he may sue an agent for dereliction of duty he may not sue his co-principals for dereliction of their common agent. The effect of

this proposition remains the same even though plaintiff's membership in the union has terminated prior to the commencement of the court action.

"Second. It is likewise well established that in an action of the character here involved, the plaintiff must allege in his complaint and prove at the trial that but for the alleged negligence of the defendant, plaintiff's claim for reinstatement to the position from which he was allegedly wrongfully dismissed by the Atlantic Coast Line Railroad could have been sustained by the courts and his claim for damages in the amount of $18,000.00 would have been collectible. The present complaint contains no statements of fact from which it can be shown or even inferred that the plaintiff had such a cause of action which the courts would have enforced by way of ordering reinstatement and damages in the amount claimed.

"Third. Section 3(p) of the Railway Labor Act as amended, 45 U.S.C.A., Sec. 153(p), upon which plaintiff relies in alleging that the defendant brotherhood should have filed a suit on his behalf to enforce an award of the Railroad Adjustment Board in plaintiff's favor, also expressly provides that 'any person for whose benefit such order was made, may file in the district court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises.' Under such circumstances, the alleged dereliction by defendant Brotherhood in not filing such suit fails to state a cause of action because there is no requirement, express or implied, in the said provision of the Railway Labor Act which requires the defendant Brotherhood to file such enforcement suit on behalf of the plaintiff."

The court sustained the demurrer, and dismissed the action. The plaintiff excepted and appealed.

*Oliver Carter, George Rountree, Jr., for plaintiff, appellant.*
*J. B. Craighill, James L. Highsaw, Jr., of Counsel: Craighill, Rendleman & Kennedy, Charlotte, N. C., Mulholland, Robie & Hickey, Washington, D. C. for defendant, appellee.*

HIGGINS, J.  At this stage of the proceeding we are concerned with allegation only, not with proof. For the purpose of testing the suffi-

ciency of the complaint, all well-pleaded facts are deemed admitted by the demurrer. *Riddle v. Artis,* 246 N.C. 629, 99 S.E. 2d 857; *Lewis v. Lee,* 246 N.C. 68, 97 S.E. 2d 469; *Skinner v. Evans,* 243 N. C. 760, 92 S.E. 2d 209; *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452; *Sabine v. Gill,* 229 N.C. 599, 51 S.E. 2d 1. Do the facts so pleaded, taken as true, and liberally construed in favor of the pleader, state a cause of action? If so, the demurrer should have been overruled. *Sabine v. Gill, supra; Smith v. Sink,* 210 N.C. 815, 188 S.E. 631; *Shaffer v. Bank,* 201 N.C. 415, 160 S.E. 481.

The allegations of the complaint, by summary and by quotation, are set forth in the preliminary statement. We call attention to the substance of a few material allegations which we think, taken together, distinguish this case from those cited by the defendant as authority for sustaining the demurrer.

It appears from the record that plaintiff, at the time this action was instituted (September 25, 1956), was no longer a member of the defendant brotherhood. He alleged (1) he had been wrongfully discharged by the employer; (2) he called on the brotherhood to resist the discharge and to have him restored, and his lost wages paid. " . . . it, (the defendant brotherhood) was at all times herein mentioned required, obligated, and under a legal contractual duty to represent the plaintiff . . . and to prosecute to a final conclusion . . . both administratively and judicially, his claim . . . and the plaintiff was obligated and under a contractual duty to refrain from undertaking, in his own behalf . . . the prosecution, either administratively or judicially, of any such claim." " . . . the plaintiff was required . . . to execute and deliver . . . to the defendant a power of attorney in writing, authorizing and empowering *the defendant and its duly accredited officers and agents as his agents and attorneys in fact* (emphasis added) . . . to present, fully process and handle to a conclusion . . . in court if necessary . . . the claim on behalf of the plaintiff for restoration to service . . . reimbursement of wages lost by him as a result of the wrongful discharge."

The complaint further alleges the defendant undertook to and did prosecute the plaintiff's claim through the various administrative stages necessary to establish his rights. The employer refused to obey the order of the National Railroad Adjustment Board to reinstate the plaintiff to his former position and to pay his lost wages. The plaintiff, in effect, alleges the next and final step to restore his rights and secure his wages was by petition to the District Court of the United States for the Eastern District of North Carolina as provided in §153(p) of the Railway Labor Act.

By way of limitation, however, the Act provides, §153(q), that the action "shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after."

Finally, the plaintiff alleges, paragraphs 20 to 24, inclusive, that by written power of attorney he gave to his agent, the defendant brotherhood, the exclusive right to prosecute his claim administratively and judicially, and that the defendant having full knowledge of the two years limitation, breached its contract to institute the action, and that he thus lost his right to compel the carrier to reinstate him and pay his wages.

As its first ground of demurrer, the defendant says: The brotherhood cannot be held responsible for the acts of its agents for the reason the agents are likewise the plaintiff's agents, he being a co-principal by reason of membership in the brotherhood. As authority the defendant cites the following cases: *Kordewick, et al v. Brotherhood of Railroad Trainmen, et al,* 181 F. 2d 963 (7th Cir., 1950); *Duplis v. Rutland Aerie No. 1001, F. O. E.,* 118 Vt. 438, 111 A. 2d 727, (Sup. Ct. Vt., 1955); *Marchitto v. Central R.R. of N. J.,* 9 N.J. 456, 88 A. 2d 851 (Sup. Ct. N. J., 1952); *Brotherhood of Railroad Trainmen v. Allen,* 148 Tex. 629, 230 S.W. 2d 325 (Ct. Civ. App. Tex., 1950), cert. den. 340 U.S. 934 (1951); *Atkinson v. Thompson,* 311 S.W. 2d 250 (Civ. App. Tex. 1958); *DeVillars, et al v. Hessler,* 363 Pa. 498, 70 A. 2d 333, (Sup. Ct. Pa., 1950); *McClees v. Grand International Brotherhood of Locomotive Engineers,* 59 Ohio App. 477, 18 N.E. 2d 812 (Ct. of App. Ohio, Hamilton C., 1938); *Hromek v. Gemeinde,* 238 Wis. 204, 298 N.W. 587 (Sup. Ct. Wis., 1941); *Carr v. Northern Pac. Beneficial Assoc.,* 128 Wash. 40, 221 P. 979 (Sup. Ct. Wash., 1924); *Martin v. Northern Pac. Beneficial Assn.,* 68 Minn. 521, 71 N.W. 701 (Sup. Ct. Minn., 1897); *Gilbert v. Crystal Fountain Lodge,* 80 Ga., 284, 4 S.E. 905 (Sup. Ct. Ga., 1887).

The rationale of the rule in the cases cited is succinctly stated by the Court of Civil Appeals of Texas in *Brotherhood of Railroad Trainmen v. Allen,* 230 S.W. 2d 325: "The appellees and the other several hundred thousand members are principals, and we are of the opinion that one or more principals cannot sue their co-principals and require them to respond in damages for the dereliction of duty of a joint agent." If we concede the soundness of the rule, it by no means follows that it applies to the plaintiff's case. The plaintiff alleges, in effect, that he entered into a contract with the brotherhood that it should be his agent with the exclusive right to prosecute his claim; and "the plaintiff was obligated and under a contractual duty to re-

frain from undertaking on his own behalf . . . the prosecution, either administratively or judicially, of such claim." When liberally construed, the complaint alleges that the plaintiff was the principal and the brotherhood was his agent, with exclusive authority, to prosecute his claim.

The plaintiff contends this case does not involve the negligence of a joint agent representing both him and the brotherhood, but it does involve the negligent failure of the brotherhood, the agent, to carry out its contract with the plaintiff, the principal. The contract is alleged. Its breach is alleged. Authority to make the contract is not now in question. Issues involving the truth of the facts alleged arise by answer, not by demurrer. On the facts alleged, we are not prepared to hold, as a matter of law, that an unincorporated labor union embracing many thousands of members, acting through its duly selected officers, lacks power to make a valid contract with one of its own members, or that the brotherhood can defeat its contract by pleading the member was a co-principal. The action against the brotherhood is authorized by G.S. 1-69.1. *Construction Co. v. Electric Workers Union,* 246 N.C. 481, 98 S.E. 2d 852. The first ground of the demurrer is not sustained.

For its second ground of demurrer the defendant says in substance: The complaint does not state a cause of action. In short summary the complaint alleges (1) the plaintiff was wrongfully discharged; (2) the administrative procedures culminating in the order of the National Railroad Adjustment Board (Third Division) established the wrongful discharge and ordered the carrier to reinstate the plaintiff and pay his back wages; (3) the carrier refused to obey the order; (4) plaintiff had a good cause of action to compel compliance; (5) that the cause of action was lost by reason of the defendant's negligent failure to make timely application to the Federal Court to have the award enforced; (6) by reason of the defendant's failure the plaintiff was damaged as set out in paragraph 24 of the complaint. When liberally construed, the complaint states a cause of action. The second ground of demurrer is not sustained.

For its third ground of demurrer the defendant says the defendant's alleged dereliction of duty in failing to file suit did not prevent the plaintiff from filing a suit himself under the provisions of the Railway Labor Act and that the Act did not require the defendant to bring the suit. The plaintiff grounds his cause of action upon the failure of the defendant brotherhood to carry out its contract with him to pursue the remedy provided by the Railway Labor Act. He alleges the brotherhood required him to forego his right to sue and that he

relied on the agent to be faithful to its trust. The third ground of the demurrer is not sustained.

The court below committed error in sustaining the demurrer. The cause is remanded to the Superior Court of New Hanover County where the defendant will be permitted to answer. The trial court will then inquire into the merits of the issues raised by the pleadings.

Reversed.

MOORE, J., not sitting.

PARKER, J., dissents.

BOBBITT, J., concurring: Under the Railway Labor Act, the defendant Brotherhood, not the individuals who composed its membership, became the exclusive bargaining agent of all employees of plaintiff's craft or class. Thus, the federal statute recognized the Brotherhood as a separate entity when representing an employee in respect of his employment relations with the carrier. In my opinion, when the Brotherhood, as such separate entity, assumes contractual obligations to employees relating to such representation, an employee may sue the Brotherhood as an entity for the alleged breach thereof. To this extent, the status conferred upon the Brotherhood by the federal statute seems sufficient to distinguish it from partnerships and from ordinary fraternal, civic or other unincorporated associations.

Whether plaintiff can maintain his alleged cause of action is another question, not presented for determination on this appeal.