GABRIEL HUTH vs. HUMBOLDT STAMM, No. 153.

New Haven & Fairfield Cos., Oct. T., 1891. ANDREWS, C. J., CARPEN-
TER, SEYMOUR, TORRANCE and FENN, Js.

Gen. Statutes, § 979, provides that "any number of persons associated
together in a voluntary association, not having corporate powers,
but known by some distinguishing name, may sue and be sued, plead
and be impleaded by such name." Held that a member of such an
association cannot maintain an action at law against the associa-
tion under this statute.

[Argued October 30th—decided December 5th, 1891.]

ACTION against an unincorporated association by one of
its members; brought to the Superior Court in Fairfield
County. Demurrer by defendant. Heard before *Thayer, J.*
Complaint held insufficient and judgment rendered for the
defendant, and appeal by plaintiff. The case is fully stated
in the opinion.

*J. B. Klein,* for the appellant.

*G. W. Wheeler,* for the appellee.

ANDREWS, C. J. There are five reasons of appeal set out
in the record. Only one—the fifth—is pursued in the appel-
lant's brief, namely, that "the court erred and mistook the
law in sustaining the demurrer, and thereby deciding that a
member of a voluntary association, unincorporated, cannot,
under the statute of Connecticut, institute and maintain an
action at law against the association."

The statute to which reference is made is section 979 of
the General Statutes. The act which is now that section
was first passed in 1864. Prior to that time there was an
act—now section 895 of the General Statutes—which per-
mitted a partnership to sue or be sued by the partnership
name alone, without giving the names of the several part-
ners. Section 979 was but an enlargement of the earlier

statute.   It relates solely to the form of mesne process by or against voluntary associations.   It does not purport to, nor does it, affect the relations of the members of such an association between themselves or to the association; nor their liabilities to one another, or to the association or to other persons; nor of the association to its members.   If without that statute a member of a voluntary association could not institute and maintain an action at law against the association, he cannot maintain one by reason of that statute.   That the statute confers any right on a member, or imposes any liability on the association, such as can arise only out of the law of corporations, would seem to be excluded by its language.   It speaks of an association "not having corporate powers." . Apart from this statute the law is clear that a member of an unincorporated association cannot maintain an action at law against the association, nor can the association maintain such an action against one of its members.   Story's Eq. Jur., §§ 107, 479; *Warren* v. *Stearns,* 19 Pick., 73; *McMahon* v. *Rauhr,* 47 N. York, 67; *Cheeny* v. *Clark,* 3 Verm., 431.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.