HROMEK, Respondent, vs. FREIE GEMEINDE, Appellant: UNITED AUTOMOBILE WORKERS FEDERAL LABOR UNION No. 19059, Interpleaded Defendant and Appellant. [Two cases.]

*May 20—June 12, 1941.*

For the appellant Freie Gemeinde there were briefs by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump*.

For the interpleaded defendant and appellant there was a brief by *Max Raskin*, and oral argument by *Wm. F. Quick*, both of Milwaukee.

For the respondents there was a brief by *Padway, Goldberg & Tarrell*, and oral argument by *David Previant*, all of Milwaukee.

WICKHEM, J. The accident giving rise to this litigation occurred May 17, 1935. Plaintiff Beatrice Hromek was an employee of the Seaman Body Corporation and a member of defendant labor union. Defendant Freie Gemeinde is a corporation which owns and operates a public building known as Jefferson Hall in the city of Milwaukee, and leases meeting rooms in this building. On the evening in question defendant labor union had rented the hall for a meeting, and plaintiff Beatrice Hromek entered the hall for the purpose of participating in this meeting. The hall was leased to numerous tenants for different kinds of meetings, requiring different arrangements of chairs, platforms, and equipment. Freie

Gemeinde had a manager in charge of the hall who had his living quarters in the building and was at the service of tenants. It appears in evidence that the union wished a platform placed at the rear of the hall for use by its vice-president. The platform, about six feet square and six to eight inches high, was so placed that it obstructed to some extent the space immediately to the rear of the center aisle. The aisle referred to was made by the placing of chairs. The platform was not permanently fixed to the floor but was moved about or taken out of the room according to the needs of the various tenants. At the entrance to the hall there were two tables, one on each side of the entrance, and officers of the union were stationed there to insure that only members of the union who had paid their dues could enter the hall. On the evening in question Beatrice Hromek entered the hall, after showing her credentials. She walked a few steps through a crowd of men who were standing around the platform and then stumbled over the platform and fell, sustaining the injuries for which she seeks recovery here. She did not see the platform before she fell and did not know of its presence because she had never attended meetings in that hall. The meeting had not started at the time she entered the hall. Some people were seated and numerous persons were standing around the entrance and in the vicinity of the platform, thus cloaking her view of the platform and requiring her to crowd through the persons standing in the rear. The hall was lighted with eight lights at the top of the ceiling and three lights below its balcony. The center lights were of two hundred watts each and those below the balcony of one hundred watts each. These lights were regulated from the stage and were turned on about 7 o'clock p. m.

It is contended by defendant Freie Gemeinde that a verdict should have been directed because under the evidence Freie Gemeinde is a religious society and therefore not liable for common-law negligence in the maintenance of its building.

*Jaeger v. Evangelical Luth. Holy Ghost Cong.* 219 Wis. 209, 262 N. W. 585, is claimed to be on all fours with this case. In that case it was held that the defendant as owner of the building was not liable under the safe-place statute for temporary conditions existing in the building and having nothing to do with its construction or the maintenance of its structural integrity. It was there conceded that the defendant was a religious organization and not liable for negligence. The complaint here simply alleges the corporate character of Freie Gemeinde. No facts showing the immunity of Freie Gemeinde from liability for common-law negligence were alleged as a defense, and while there was one reference to it in the testimony as a religious society, this evidence was not addressed to any issue under the pleadings. It was for this reason neither objected to nor met by evidence to the contrary. No request was at any time made to amend the pleadings to set up this defense. Upon this record we cannot consider that the religious character of Freie Gemeinde was established or even litigated. This is not a technical rule. It would be grossly unfair to plaintiff to treat as established a defense that was never set up and that was supported by the most casual and formal sort of evidence. In view of this, it is unnecessary to consider plaintiff's contention that Freie Gemeinde must show that it is a charitable as well as religious corporation before it is entitled to the claimed immunity.

The next assignment of error is that the findings of the jury that Freie Gemeinde was negligent with respect to lighting, placing, and guarding the platform are not supported by the evidence. We do not consider it necessary to consider the assignments as they apply to the lighting of the hall and the placing of a rail around the platform. We are of the view that the finding that defendant negligently located the platform and that this was a cause of the accident is sustained by the evidence. The platform was placed in such a way as to intrude upon the middle aisle. It was a very low platform and

it might reasonably have been anticipated by defendant that it would create a hazard to persons entering or leaving the hall. People come in groups to meetings and leave virtually in a body. It was evident that in entering or leaving many persons would have their view of the platform obscured by the crowd and that it would be particularly hazardous to have the platform intrude into the aisle. Having engaged to furnish light, heat, and janitor service, and to arrange the chairs and platform, Freie Gemeinde took upon itself a duty of due care which the jury was entitled to believe it had failed to discharge, at least with respect to the placing of the platform. This finding sufficiently supports the judgment.

So far as defendant union is concerned, we are of the view that the judgment was erroneous. The interpleaded union is an unincorporated association having a membership of five thousand. It has no entity or existence apart from that of its members, although for convenience it is permitted that the group comprising the union be sued in the name adopted by the association. This is a procedural provision and does not in any way change the status of the group or its substantive liabilities. *United Mine Workers v. Coronado Coal Co.* 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762; *Taff Vale Case* (1901), A. C. 426, 70 L. J. K. B. 905. It is the well-established law that while a principal may sue an agent for dereliction of duty, he may not sue his coprincipals for the dereliction of their common agent. The right to do the latter would have to be sustained before any cause of action could be found in plaintiff, and without a cause of action in plaintiff against the union there could neither be a right in contribution in defendant Freie Gemeinde nor a liability over in favor of the latter. Upon this point see *McClees v. Grand International Brotherhood,* 59 Ohio App. 477, 18 N. E. (2d) 812; *Koogler v. Koogler,* 127 Ohio State, 57, 186 N. E. 725; *Kelly v. National Society of Printers' Assistants* (1915), 84 L. J. K. B. 2236, 2239. In the latter case

it was stated that the *Taff Vale Case* had held that the funds of a trade union could be made liable for a wrong—

"done to some person outside the society by an authorized agent of the society; but, as Mr. Justice FARWELL points out at page 431, the question in that case was not a question of the rights of members of the society, but of the wrong done to persons outside the society. Here the question is as to the rights of a member of the society; and to succeed in his claim for damages the plaintiff must establish, first, the contract for breach of which he sues; and, secondly, a breach either by the other party to the contract or by some duly authorized agent of that party. Here the contract relied on is that contained in the rules. These rules do, in my opinion, constitute a contract as between the plaintiff and the other members of the trade union. The plaintiff's case is that this contract has been broken not by all the other members personally, but by the London committee of the executive committee acting as the agents of those other members. It is here that plaintiff fails. It is true that both these bodies were appointed by the general body of members, and as such they are the agents of the members; but they are just as much the agents of the plaintiff as the agents of his fellow members whom he seeks to make liable under their collective name."

The foregoing principles establish the nonliability of defendant union to plaintiff. All possible acts of negligence with reference to the placing or guarding of the platform or the lighting of the hall are derelictions of officers of the union and these officers were not only acting for all the other members of the union but for plaintiff. Plaintiff is in no position to sue her coprincipals for the derelictions of a common agent.

*By the Court.*—Judgment affirmed as to defendant Freie Gemeinde. Judgment reversed as to defendant union, and cause remanded with directions to dismiss the cross complaint of defendant Freie Gemeinde. Plaintiff and defendant union to have costs against defendant Freie Gemeinde.