INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 180, C. I. O., Appellant, vs. INDUSTRIAL COMMISSION, Respondent.

*January 9—February 15, 1946.*

*Max Raskin* of Milwaukee, for the appellant.

For the respondent there was a brief by *Stanley Rector* and *W. H. Putnam,* both of Madison, and oral argument by *Mr. Putnam.*

BARLOW, J. The question presented for determination is whether the International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, Local 180, C. I. O., a nonprofit labor organization, is an employer and its officers and members employees so as to make the union subject to the payment of contributions under ch. 108, Stats., commonly known as the "Unemployment Compensation Act."

Appellant is a local chapter of a labor union, and has a membership of about forty-three hundred individuals, all of whom are employees of the J. I. Case Company. It has a collective-bargaining contract with the company and is the sole bargaining agent for all of the workers. It is organized primarily to improve working conditions and to establish a wage in accordance with the needs and desires of its membership. Its operations include the necessary organization administrative activities typical of labor unions, the handling of matters for the employees of the company, and it also conducts certain educational, social, and charitable activities which utilize a minor portion of its efforts and funds. Its major efforts and funds are expended in matters arising out of its contract with the company, improving working conditions, maintaining and increasing wages, and in general guarding and promoting the rights of labor.

The officers of the union are: President, vice-president, recording secretary, financial secretary, treasurer, three trustees, guide, and sergeant at arms. Committees and stewards are also provided for in the organization. Some committeemen and all stewards are elected by the employees of the de-

partments. There are between one hundred sixty-five and one hundred seventy such committeemen and stewards. The stewards' function is to see that the provisions of the labor contract with the union are carried out and take care of members' grievances arising in the department. Each officer, receives a fixed sum monthly from the union, the lowest amount being $5 per month and the highest $35 per month. The officers are reimbursed for certain expenses, and the balance has to be absorbed from their income from the union. Stewards, bargaining-committee members, and officers frequently are required to perform services for the union during working hours, and the union compensates members performing such services by paying them approximately the amount they would have earned as employees of the company for the time devoted to union work. Such lost-time payments are made pursuant to a definite plan adopted by the union. The average weekly amount paid to two hundred five members of the union for the year 1941 varies from one cent per week to $10 per week, four persons collecting a weekly average of over $10 per week. The largest number of this group of members, one hundred sixty-eight, received from one cent to $1 average weekly pay. It was agreed that two individuals performing clerical work in plaintiff's office were employees and worked at least eighteen weeks in 1941.

The union is a nonprofit voluntary association, not organized under any statutory provision, and it concedes, and the record clearly establishes, that it is not a partnership under the statutes. Its income consists of dues of $1 per month paid by each member.

The circuit court confirmed the decision of the Industrial Commission that the appellant is an employer within the meaning of sec. 108.02 (4), Stats.; that the individuals in question are its employees within the meaning of sec. 108.02 (3) ; that the remuneration received by such individuals as set out in the pay roll is "wages" within the meaning of sec. 108.02 (6), and that the services of such individuals are

not in an excluded employment within the meaning of sec. 108.02 (5) (g) 7 nor sec. 108.02 (5) (g) 11.

Appellant contends the Industrial Commission exceeded its statutory authority in ordering payment of contributions on its defined pay roll, (a) because the local union is a voluntary association and not such an entity separate and distinct from its own members so as to stand in the relation of employer and employee between itself and its membership; (b) the union is an organization that falls within the provisions of sec. 108.02 (5) (g) 7, Stats., as one organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes and is therefore exempt from making contributions or paying unemployment compensation taxes; (c) the union does not employ or pay wages to a sufficient number of employees to become subject to the act.

The Wisconsin Unemployment Compensation Act was first enacted in January, 1932 (ch. 20, Laws of Sp. Sess. 1931), and was designed to meet an emergency threatening public order and stability. As a necessary part of the exercise of police power the contributions here involved are required. *Industrial Comm. v. Woodlawn Cemetery Asso.* (1939) 232 Wis. 527, 287 N. W. 750. Many states have passed unemployment compensation laws, which are more or less uniform and conform to the Federal Unemployment Tax Act (formerly title IX of the Social Security Act). Thus this form of social legislation is more or less uniform and general throughout the nation, and while it is helpful to society generally, it is especially beneficial to employees, and in construing the provisions of the act it is proper to consider the purpose and intention of the legislature in passing it. *Moorman Mfg. Co. v. Industrial Comm.* (1942) 241 Wis. 200, 5 N. W. (2d) 743.

Sec. 108.09 (7), Stats., provides that "any judicial review hereunder shall be confined to questions of law, and the other provisions of chapter 102 [Stats. 1935 . . . ] with respect to judicial review of orders and awards shall likewise apply to any decision of the commission reviewed under this sec-

tion." In determining whether appellant is an employer and its members employees, and thus make appellant liable for contributions under the act, we must necessarily confine ourselves to the definitions contained in the act. Where these definitions are fully set forth so as to create liability for contributions on the part of the employer we cannot apply general rules of law determining who are employers and who are employees.

The controlling statutory provisions are as follows:

Sec. 108.02 (3) (a)  " 'Employee' means any individual who is or has been performing services for an employer, in an employment, whether or not he is paid directly by such employer. . . ."

Sec. 108.02 (4) (a)  " 'Employer' . . . means any person, partnership, *association,* corporation, whether domestic or foreign . . . who is subject to this chapter under the statutes of 1937, or who becomes subject hereto under the provisions of this section."

Sec. 108.02 (4) (d)  "Any other employer, who has employed as many as six individuals in 'employment' within each of eighteen or more weeks lying wholly within the year 1938 or any subsequent calendar year, shall become an 'employer' subject hereto as of the close of that calendar year in which such employment occurred. . . ."

Sec. 108.02 (5) (a)  " 'Employment,' subject to the other provisions of this subsection means any service, including service in interstate commerce, performed by an individual for pay."

Sec. 108.02 (6)  " 'Wages' means every form of remuneration payable for a given period (or paid within such period, if this basis is permitted or prescribed by the commission) to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and the reasonable (actual or estimated average) value of board, rent, housing, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him; but there shall not be treated as 'wages' the actual (or reasonably estimated average) amount of any required or necessary expenses incurred by an individual on his job."

Sec. 108.02 (5) (g) defines the employments which shall be exempt under the act.

To sustain its position that it does not come under the act appellant contends that this being a nonprofit, voluntary association for the benefit of its members, it is not in a legal sense a business and that it therefore cannot employ its own members so as to be an employer as defined in the act. It is contended that the committeemen and stewards are merely reimbursed for lost time, which is taken from the treasury of the union, and that this money belongs to all of the individuals, including those who receive the lost-time reimbursement. It is argued that the union is not a separate entity apart from its members and that therefore there can be no employer for whom services are rendered as the member rendering services has an equal interest in the result with all other members of the union. It is conceded that the association may be liable for its acts to third parties and that it may be an employer of third parties whom it hires, but it is contended that the union cannot be an employer and an employee at the same time, as a person cannot be divided into two entities.

Reliance is had on the case of *Hromek v. Freie Gemeinde* (1941), 238 Wis. 204, 298 N. W. 587, to sustain this latter position. That was an action for personal injuries under the comparative-negligence statute, and the court there said that possible acts of negligence with reference to placing or guarding of the platform or lighting of a hall by officers of the union did not create a liability on the part of the union, as the officers were acting for all members of the union, including the plaintiff, thus placing her in a position where she was seeking damages from her coprincipals for the dereliction of a common agent. No member of appellant union is here attempting to collect from his coprincipal. The state is demanding contributions from appellant for wages paid to persons for services rendered. The fact that they received a sum fairly equal to the amount they would have earned if working in the shop, and that it is considered by the union and the

persons performing the service merely as a reimbursement of the amount lost by reason of lost time in their regular employment, does not take it out of the definition of "wages" as defined in the act. They are still employees who have performed a service, and this service has been performed for an association, which the statute provides may be an employer.

Whether the employee may be eligible for unemployment compensation so as to benefit from any of the assessments made against the union is not a determining factor. *Maloney v. Industrial Comm.* (1943) 242 Wis. 165, 7 N. W. (2d) 580, 9 N. W. (2d) 623. Likewise the statutes do not exclude a nonprofit organization. Under the provisions of the act, where a person renders services for which wages are paid by a person, partnership, association, or corporation, liability exists for contribution on the part of the party paying the compensation, provided such party otherwise comes within the act. Numerous exclusions have been made by the legislature, but none of them includes this plaintiff. The persons in question performed services for which they received compensation. The measure used to determine the amount of compensation or wages they are to receive does not change the fact that it is paid for services rendered. The association makes it possible for the parties in question to perform the services which they perform, and pays them for the services so rendered. It is considered this is sufficient to establish an employer-employee relationship as defined by the act. If no benefits can be derived by the members of this organization and as a matter of public policy it should be excluded from the act, as the trial court well said the matter is one to be corrected by the legislature and not determined by judicial interpretation where the language of the statute is clear.

Further contention is made that appellant is an organization that falls within the provisions of sec. 108.02 (5) (g) 7, Stats., and is therefore exempt from making contribution or paying unemployment compensation tax, which section provides as follows:

"Employment of any person by a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation."

It is true that appellant is a nonprofit, voluntary association and no part of its income inures to the benefit of any private shareholder or individual. The primary purpose of appellant, as stated in its by-laws, is to improve working conditions and to establish a wage in accordance with the need and desires of its membership. It is also true that some of its income is used for charitable and educational purposes, according to its records, but during the period from February 1, 1941, to January 31, 1944, out of a net income of $91,653.65 available to the local unit only some $6,039.52 was spent for purposes which could be classified as charitable or educational. This would only be six and six-tenths per cent of appellant's expenditures used for charitable and educational purposes. The balance of its funds was used largely to carry on its collective-bargaining contract with the J. I. Case Company and to improve working conditions and establish reasonable wages for its membership. This cannot well be said to be for educational or charitable purposes, and does not come within the definition of the word "exclusively" as determined by this court. *Gymnastic Association v. Milwaukee* (1906), 129 Wis. 429, 109 N. W. 109; *Northwestern Publishing House v. Milwaukee* (1922), 177 Wis. 401, 188 N. W. 636; *Cardinal Publishing Co. v. Madison* (1931), 205 Wis. 344, 237 N. W. 265.

It is considered that the findings and decision of the Industrial Commission as confirmed by the trial court are in accordance with the facts and law of the case.

*By the Court.*—Judgment affirmed.