## Mastrini et al. v. Nuova Loggia Monte Grappa, 1507

Before McKendrick and Griffith, JJ.

*Smorto & Creany,* for plaintiffs.

*Spence, Custer, Saylor & Wolfe,* for defendant.

GRIFFITH, J., February 5, 1954.—The complaints in these actions are quite similar. In the Gatto case it is averred that plaintiff suffered personal injuries by reason of slipping on the floor of the lodge premises which were in a dangerous condition by reason of having been strewn with napkins and spilled liquids. In the Mastrini case the complaint averred that the personal injuries were occasioned by reason of plaintiff slipping on a stairway in the lodge premises on account of a similar dangerous condition. The complaints alleged that Gatto was a member of defendant non-profit unincorporated association at the time he was injured and that Mastrini was a member as well as a trustee. Preliminary objections in the nature of demurrers were filed by defendant in each case on the

ground that plaintiffs as members of the unincorporated association were precluded thereby from bringing suit.

The leading case in Pennsylvania on this subject is DeVillars et vir v. Hessler et al., 363 Pa. 498. Defendants in this case were the Kiser Hill-Mead Grange and its officers and members of its executive committee in their official capacities. It appeared that wife plaintiff was a member of the grange, an unincorporated fraternal order, and that she had participated in operating a booth for the grange at a county fair. She was injured when she attempted to light a gas steam table at the concession. The court said that plaintiffs would have been able to recover from those who were the actual tortfeasors had they brought suit against them in their individual capacities, but sustained the action of the lower court in entering judgment for defendants on the pleadings. The case was decided on the rule that while a principal may sue an agent for dereliction of duty, he may not sue his co-principals for the dereliction of their common agent. It is true, as plaintiffs here point out, that the court there said that the weakness of plaintiffs' case arose from the fact that the wife plaintiff was an active participant in the general conduct of the concession at the fair and voluntarily assumed a participating rôle in the operation of the steam table. However, it is apparent from the cases cited with approval by the Supreme Court in its opinion that the decision did not rest on this narrow ground.

The court said, pages 501 and 502:

"In Koogler vs. Koogler, 127 Ohio St. 57, 186 N. E. 725, plaintiff, a pedestrian on the street, was struck by a fire escape falling from a building. He was a member of the fraternal unincorporated association which owned the building and which had negligently failed to inspect the fastenings of the fire escape. He

was denied the right of recovery, the court stating (p.p. 62, 63 N. E. p. 727) that 'if the lodge owns its real estate, one member owns just as much as another; . . . It is equally the duty of all members to work for the success of the association. They labor toward a common end. Their interests, their purposes, their privileges, in fact all their activities, are joint. Then must it not necessarily follow that the lodge is a joint enterprise, and that as between those engaged therein there is no liability for tort? Such is the holding of this court.'

"In Hromek vs. Gemeinde, 238 Wis. 204, 298 N. W. 587, the plaintiff, a member of an unincorporated labor union, was injured by falling over a platform which had been allowed to remain in an improper and unsafe position. He brought suit, naming the union as one of the defendants; the appellate court reversed a judgment against the union, saying (pp. 209, 210, N. W. p. 589) 'it (the association) has no entity or existence apart from that of its members, although for convenience it is permitted that the group comprising the union be sued in the name adopted by the association. This is a procedural provision and does not in any way change the status of the group or its substantive liabilities. . . . It is the well established law that while a principal may sue an agent for dereliction of duty, he may not sue his coprincipals for the dereliction of their common agent. . . . "It is true that both these bodies (the executive committee and a subcommittee of the union) were appointed by the general body of members, and as such they are the agents of the members; but they are just as much the agents of the plaintiff as the agents of his fellow members whom he seeks to make liable under their collective name".'

"It follows from the application of the legal principal involved and from illustrative cases thus cited that the court below was right in directing that judg-

ment be entered for defendants upon the pleadings."

It is apparent from the illustrative cases cited in the opinion that the Supreme Court did not base its action in sustaining the judgment for defendants solely on the fact that plaintiff was an active participant in the conduct of the concession at the fair. This becomes even more apparent when we examine the rule in other jurisdictions. The general rule is stated in 14 A. L. R. 2d 473-74, as follows:

"The question has not been presented or determined by the courts very frequently; but the general rule deducible from the few cases passing upon it appears to be that the members of an unincorporated association are engaged in a joint enterprise, and the negligence of each member in the prosecution of that enterprise is imputable to each and every other member, so that the member who has suffered damages to his person, property, or reputation through the tortious conduct of another member of the association may not recover from the association for such damage, although he may recover individually from the member actually guilty of the tort. The reason for this rule, as it is sometimes stated by the courts, is that since the negligence of the tortfeasor member is imputable to the member who has sustained the damage or injury as a result of such tort, the latter may not sue himself for his own negligence; or that, while a principal may recover from an agent of himself and a common principal, for the tort of the agent, he may not recover from the common principal for such tort— the courts treating the injured member and the association as common principals and the tortfeasor member as the common agent whose negligence is imputable to the injured member for the purposes of an action against the association, though not for the purposes of an action against the tortfeasor member himself."

In Brotherhood of Railroad Trainmen v. Allen et al., 230 S. W. 2d 325 (Texas, 1950), Allen and others brought action against the brotherhood and one of its officers to recover an amount alleged to be due plaintiffs under an agreement between the brotherhood and the railroad company. Plaintiffs, who were members of the brotherhood, alleged that the distribution of the funds owing from the railroad company was made fraudulently and negligently by the union. The court said that the question involved was whether a member in good standing in the brotherhood may sue the brotherhood for damages for dereliction of duty upon the part of an agent of the brotherhood. In this case, as in the Koogler case and the Hromek case cited by the Supreme Court of Pennsylvania in the DeVillars case, plaintiffs were not participants in the activity which caused their injuries. The court said, page 327:

"The appellees and the other several hundred thouands members are principals, and we are of the opinion that one or more principals cannot sue their coprincipals and require them to respond in damages for the dereliction of duty of a joint agent. . . . They are, in effect, suing themselves."

In Marchitto v. Central Railroad of New Jersey et al., 9 N. J. 456, 88 A. 2d 851 (1952) plaintiff sued the railroad company as well as the Brotherhood of Railroad Trainmen and one of their officers for negligence in connection with the prosecution by them of his claim against the railroad. The opinion of the court written by Vanderbilt, C. J., reads in part as follows, page 466:

"The brotherhood is an unincorporated fraternal association and the plaintiff is admittedly a member thereof in good standing. It is not a separate legal entity in the eyes of the law, having no existence apart from that of its individual members. At common law it could neither sue nor be sued, . . . By statute suits

by and against it in the association name have been authorized . . . but such statutory authorization has not changed the substantive nature of its rights and obligations. . . . As a member of the group the plaintiff is jointly responsible with all other members for the actions of the group itself, and accordingly as a principal he has no cause of action against his co-principals for the wrongful conduct of their common agent."

Plaintiffs suggest that defendant, a non-profit association, is a de facto entity when it is being sued by a member for the negligent maintenance of its premises. Unfortunately for plaintiffs, this contention has been passed upon adversely to their position in several of the cases cited above. In the DeVillars case, supra, the court, quoting from the Hromek case, 238 Wis., supra, said, page 502: "It [the association] has no entity or existence apart from that of its members. . . ." In the Marchitto case, supra, the court said: "It is not a separate legal entity in the eyes of the law, having no existence apart from that of its individual members."

Rule Pa. R. C. P. 2154 provides that "an action may be prosecuted at law . . . by one or more members . . . against the association." Thus, where the members of an unincorporated association have a right of action against the association the action may be brought against the association in its own name. This rule, however, is procedural only and not substantive and does not create a new substantive right where none existed before the adoption of the rule: Koogler v. Koogler, supra; Sperry Products, Inc., v. Association of American Railroads et al., 132 F. 2d 408; Marchitto v. Central Railroad of New Jersey, supra.

While plaintiffs may not sue defendant association of which they are members they may, of course, sue the steward or any of the employes of the association

in their individual capacities if such persons were responsible for creating the dangerous condition which led to plaintiffs' injuries.

Therefore, we enter the following

### Decree

And now, February 5, 1954, at 10 a.m., after argument, and upon due consideration, it is hereby ordered and decreed that defendant's preliminary objections filed in the two cases above stated be sustained and the complaints dismissed at the cost of plaintiffs.