DRESSLER, Appellant, v. WISCONSIN EMPLOYMENT RELATIONS BOARD, Respondent.*

*January 6—February 3, 1959.*

* Motion for rehearing denied, with $25 costs, on April 7, 1959.

244

For the appellant there were briefs and oral argument by *M. Michael Essin* of Milwaukee.

For the respondent Wisconsin Employment Relations Board there was a brief by the *Attorney General* and *John E. Armstrong,* assistant attorney general, and oral argument by *Mr. Armstrong.*

For the Wisconsin Telephone Company there was a brief by *Fairchild, Foley & Sammond, Francis J. Hart,* and *W. E. McGavick,* and oral argument by *Vernon A. Swanson* and by *Edwin F. Walmer,* all of Milwaukee.

DIETERICH, J.   The procedure outlined in the contract as to arbitration between the Wisconsin Telephone Company and the union was followed in the Kreznar case.

On December 4, 1956, Communications Workers of America filed a complaint with the Wisconsin Employment Relations Board, the defendant-respondent herein, alleging the commission of an unfair labor practice by the employer in violation of ch. 111, Stats. The complaint further alleged that Dressler was discharged without cause and the employer had refused to arbitrate the discharge in violation of article VI of the collective-bargaining agreement between the union and the employer.

The collective-bargaining agreement between the Wisconsin Telephone Company plant department and Communications Workers of America, effective October 25, 1955, states:

"6.01 The right to require arbitration shall extend only to matters which involve:

"(a) The interpretation or application of this agreement, or

"(b) A claim made that the company has discharged, without cause, during the period of this agreement, an employee who has two (2) or more years' net credited service. Such claim must be made within thirty (30) days of the discharge.

"6.02 Either party may at its option require that any grievance which involves a matter subject to arbitration as defined under 6.01 above, and which is not adjusted under the provisions of article V (grievance procedure), shall be submitted to arbitration, by written notice to the other party within thirty (30) days after the procedures provided for in article V have been exhausted. The notice demanding arbitration shall contain a statement of the issue or issues upon which arbitration is desired. The parties shall attempt to reach an agreement upon the statement of the issue or issues of the submission."

The answer of the Wisconsin Telephone Company, filed with the board on December 17, 1956, admitted that it had discharged Dressler, that the grievance was not adjusted, and that the union had requested arbitration. The employer further alleged that Dressler's discharge was not subject to arbitration and that the employer refused to submit this grievance to arbitration by reason of a similar case in which an employee by the name of Stephen L. Kreznar, who was also a PBX installer in the plant department and member of the Communications Workers of America, was discharged under the same circumstances.

On March 6, 1957, the board dismissed the complaint of the union holding that the arbitration award in the Kreznar case, based on similar facts as heretofore stated, was conclusive upon the parties and was *res judicata* as to the issue presented in the Dressler grievance and as to all relief sought in that grievance. It further held that the discharge of Dressler was not subject to arbitration under the provisions of the

collective-bargaining agreement for the reason that the issue had been finally and completely determined in the Kreznar arbitration.

On April 2, 1957, John Dressler, individually, filed the instant petition with the circuit court for Milwaukee county for review of the order of the board dismissing the complaint of his union, pursuant to sec. 227.15, Stats. The circuit court held that Dressler was an "aggrieved" party within the meaning of sec. 227.16, and affirmed the decision and order of the board on the merits.

Dressler was a member of the Communications Workers of America. The union was selected as his collective-bargaining representative. The union entered into a contract with the Wisconsin Telephone Company. The dispute arose between the union and the telephone company. Dressler, as an individual, was not a party to the contract.

In *Pattenge v. Wagner Iron Works* (1957), 275 Wis. 495, 498, 82 N. W. (2d) 172, it was held:

"The weight of authority, and the trend of the more-recent cases, permits an individual employee to maintain an action to enforce provisions of a collective-bargaining contract which are for his individual benefit, as contrasted with provisions which are for the benefit of the union. See Anno. 18 A. L. R. (2d) 361, 365; *Employees v. Westinghouse Electric Corp.* 348 U. S. 437, 460, 75 Sup. Ct. 489, 99 L. Ed. 510; *Hudak v. Hornell Industries,* 304 N. Y. 207, 214, 106 N. E. (2d) 609; 31 Am. Jur., Labor, p. 880, sec. 119, and 1956 cumulative supplement, p. 112, sec. 119."

And at page 501 this court said:

"The individual employee was not a party to the contract and hence arbitration was not available to him unless either union or company requested it."

In 44 Virginia Law Review (No. 8, 1958), p. 1338, it is said:

"A labor union is given wide discretion in determining whether it will process a grievance in the interest of one of its members. Only in extreme cases of abuse of discretion will courts interfere with the union's decision not to press an employee's grievance. The problem then arises as to whether the employee should seek his remedy against the union or against the employer. The union is the wrongdoer in the sense that it has failed to represent adequately one of its members. However, the employer is the original wrong-doer if the employee has a valid claim, because the employer has breached the collective-bargaining agreement. If the employee were permitted to compel the union to process his grievance, he perhaps would not get adequate representation, because the union has shown that it is adverse to the employee's interest. Thus, the employee should be permitted to sue his employer directly on a collective-bargaining provision provided for his benefit if the union abuses its discretion in failing to process the employee's grievance. The employee's case against the employer would depend upon whether the employee could prove: (1) That the union has arbitrarily, negligently, or in bad faith refused to exhaust the contractual remedies, and (2) that the employer has actually breached a provision in the bargaining agreement provided for the employee's benefit."

We hold that Dressler, the employee, was not a party to the collective-bargaining agreement, and he was not a party to the arbitration proceedings instituted by the union against the employer. Therefore, he was not entitled to review of the decision of the Employment Relations Board under sec. 227.15, Stats.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss plaintiff's petition for review.

The following memorandum was filed April 7, 1959:

PER CURIAM (*on motion for rehearing*). Dressler made no application under sec. 111.07 (2) (a), Stats., to be made a party to the unfair labor practice proceeding before the Employment Relations Board. There was no occasion, therefore, to decide whether the fact that his discharge was the subject of the proposed arbitration gave him a sufficient interest to initiate or intervene in that proceeding. The question of whether, if he had been a party, he would have been entitled under sec. 227.16 to seek judicial review, was not before the court.

Motion for rehearing denied with $25 costs.