ESTATE OF GROVE: GROVE, Appellant, v. NATIONAL MANU-
FACTURERS BANK OF NEENAH, Executor, and another,
Respondents.

*March 2—April 7, 1959.*

For the appellant there were briefs by *Cooke & Loehning* of Neenah, and oral argument by *L. O. Cooke.*

For the respondents there was a brief by *Keefe, Patri, Stillman & Nolan* of Oshkosh, for Caroline Weismueller, and by *Ray J. Fink* of Menasha, for the National Manufacturers Bank of Neenah, attorneys, and *O'Leary & Joyce* of Neenah of counsel, and oral argument by *Mr. Hibbard H. Engler* of Oshkosh, *Mr. Walter J. Patri, Mr. Fink,* and *Mr. Joyce.*

CURRIE, J. By clause 19 of testator's will the Hotel Menasha was placed in trust. Paragraph B of such clause reads as follows:

"B. To pay to my brother, Vernon Grove, for the term of his natural life the net rents therefrom after the payment of taxes, assessments, insurance premiums, costs of maintenance and necessary repairs and alterations, or from the income from the proceeds thereof, in the event of the sale of

such property, in monthly payments not in excess of Three hundred dollars ($300) from the date of my death; it being my intent that any of such net rentals income from proceeds of sale in excess of Three hundred dollars ($300) shall become part of the income of the residual trust, hereinafter mentioned. No deficiency in such net rents or income from proceeds shall be permitted to carry over from any one calendar year to a succeeding calendar year, in determining the amount to be paid over to the said beneficiary. Upon his death the trustees in their discretion may pay the reasonable expenses of his last illness and of his funeral, the erection of a grave marker and provision for perpetual care."

By the codicil the $300 amount specified in the two places in paragraph B of clause 19 is changed to $100. The wording of the codicil throws no light on the issue of whether the $300 limitation in the original will has reference only to the payments to be made to Vernon by the trustees in the event of sale of the hotel, or whether it also applies to the payments to be made by the trustees to him from the net rentals while the hotel is being leased.

The wording of such paragraph B which causes the difficulty in interpretation is that part of the first sentence that follows the semicolon and reads as follows:

". . . it being my intent that any of such net rentals income from proceeds of sale in excess of Three hundred dollars ($300) shall become part of the income of the residual trust, hereinafter mentioned."

It is readily apparent from the reading of such last-quoted extract that a mistake was made by the scrivener in drafting the will. This is because it is impossible to have rentals income resulting from proceeds of sale. "Rentals income" and "proceeds of sale" are mutually exclusive concepts. If this were all there were to the question of construction, and the court were provided with no other guide of testamentary intent, the court would have no right to include the one and

exclude the other in arriving at a solution. Therefore, it would have to be assumed that the testator intended both to be subject to the provision that any excess over $300 was to become part of the residuary trust. The wording before the semicolon establishes that the $300 amount refers to the monthly payments to be paid to Vernon.

However, in our opinion, the ensuing sentence of paragraph B conclusively manifests a testamentary intent in favor of such construction. This sentence reads as follows:

"No deficiency in such net rents or income from proceeds shall be permitted to carry over from any one calendar year to a succeeding calendar year, in determining the amount to be paid over to the said beneficiary."

If, as Vernon contends, testator by the prior language of the paragraph had directed the trustee to pay all of the net rentals income to Vernon, there never would be any deficiency which could have been carried over to a subsequent year. This quoted sentence also strongly suggests that the scrivener's error, which occurred in the wording of that part of the first sentence of the paragraph following the semicolon, was the omission of the word *"or"* between the words "rentals" and "income."

A court in construing a will cannot reform the same and change the meaning of the express language used in order to correct a scrivener's mistake. *Estate of Gray* (1953), 265 Wis. 217, 222, 61 N. W. (2d) 467. We find no violation of such principle in the trial court construing that portion of the first sentence of paragraph B which follows the semicolon, as if the word *"or"* had been inserted between the words "rentals" and "income." This is because such construction does not result in any change in meaning or contradiction of the express language employed by the testator. Without the addition of such "or," the will still must

be construed as imposing the $300 per month limitation on the amount of net hotel rentals to be paid to Vernon.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., dissents.