**Nils STROM and Gloria D. Strom, husband and wife, Plaintiffs,**

**v.**

**M/V "WESTERN DAWN," a Partnership, and M/V Western Dawn, Defendants.**

**No. C85–612R.**

United States District Court, W.D. Washington, at Seattle.

March 19, 1986.

Shannon Stafford, Stafford, Frey & Mertel, Seattle, Wash., for plaintiffs.

Frank W. Draper, Mark Beard, Lane, Powell, Moss & Miller, Seattle, Wash., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendant Western Dawn partnership's motion for summary judgment dismissing plaintiffs' complaint, and on plaintiffs' motions for leave to amend their complaint, for prearrest hearing and for bond in lieu of arrest. Having reviewed the memoranda, exhibits and affidavits submitted in support of and in opposition to these motions, the court finds and rules as follows:

### I. FACTUAL BACKGROUND

This is a personal injury action in admiralty. Plaintiffs Nils and Gloria Strom ("Strom") brought suit to recover for an injury that Nils Strom sustained on or about February 28, 1983 when a stern gate aboard the vessel M/V WESTERN DAWN ("the vessel") broke free from the latched position and struck his leg. This injury occurred while the vessel was on a fishing voyage in the Bering Sea.

Strom filed his original complaint on April 9, 1985, suing the vessel and the M/V WESTERN DAWN partnership ("the partnership") for negligence, unseaworthiness, and maintenance and cure. The members of the partnership are Strom and Thor A. Olsen ("Olsen"). Strom and Olsen are also joint owners of the vessel.

The partnership now moves for summary judgment dismissing Strom's complaint on the grounds that, because Strom is a member of the partnership and a co-owner of the vessel, he is not entitled to recover against the partnership as a matter of law. In response, Strom has filed motions for prearrest hearing and for bond in lieu of arrest, and for leave to amend his complaint as well as a memorandum opposing the partnership's summary judgment motion. Strom seeks to amend his complaint to: (1) add Olsen as a defendant in his capacity as master and operator of the vessel; (2) assert *in rem* jurisdiction over the vessel; and (3) add Pacific Marine Insurance Company ("PacMar") as a defendant based on allegations of breach of insurance contract and violation of the Washington Consumer Protection Act, RCW 19.86.-010 *et seq.*

### II. LEGAL ARGUMENT

#### A. *Partnership's Motion for Summary Judgment*

The partnership moves for summary judgment as to Strom's claims against it for unseaworthiness, negligence, and maintenance and cure based on its contention that the law does not allow a partner to recover from his or her partnership for personal injuries. This issue was addressed by the Ninth Circuit in the context of claims for unseaworthiness and negligence in *Walsh v. Zuisei Kaiun K.K.*, 606 F.2d 259 (9th Cir.1979). *Walsh* was a wrongful death action in which the decedent was a pilot who drowned while attempting to transfer from the vessel he was piloting to a pilot launch owned by the Puget Sound Pilots, an association of which decedent was a member. Plaintiff executrix of decedent's estate sued the association on the grounds that the launch was unseaworthy.

Although the court agreed with plaintiff that the launch was unseaworthy, it concluded that plaintiff could not recover from the pilots' association. The court held that the pilots' association was either an unincorporated association or a partnership and that, because it was formed and operating in Washington, the law of that state governed the rights of a member against it. The traditional rule, which the court found to be the law in Washington, is that the

unseaworthiness of the launch must be imputed to the decedent pilot and member of the association. *Id.* 264, *citing Carr v. Northern Pacific Beneficial Association,* 128 Wash. 40, 221 P. 979 (1924).

In *Carr,* plaintiff was a member of defendant medical association who was injured while in an association hospital as a result of the alleged negligence of association physicians. The court held that plaintiff's only remedy was against the physicians as individuals and not against the association because, as a member, he had the power to manage the affairs of the association and any negligence by the association would, therefore, be imputed to him.

*Walsh* also discussed the more liberal rule which some courts have adopted, although not in Washington. *See, e.g., White v. Cox,* 17 Cal.App.3d 824, 95 Cal. Rptr. 259 (1971). That rule focuses on the nature and extent of the member's ability to determine the policy of the association or partnership.

Under either rule, Strom cannot sue the partnership. Pursuant to *Carr,* he is barred from suing as a matter of law by the fact that he is a partner, and any unseaworthiness of the vessel or negligence of the partnership is imputed to him.[1] Even if the court were to adopt the more liberal approach of examining his ability to manage partnership affairs, it is clear that Strom was an active partner and participated in design decisions regarding the vessel. Deposition of Nils Strom, pp. 19, 21, 22, 42–45, 51–52. In fact, Strom helped to design the very gate latch system whose failure caused the injury of which he now complains. *Id.* 45. Thus, the court grants summary judgment for the partnership as to Strom's claims for negligence, unseaworthiness and maintenance and cure.

### B. Strom's Motion for Leave to Amend Complaint

#### 1. Motion to Add Olsen as Defendant

■ Strom seeks to add Olsen as a defendant in his capacity as master and operator of the vessel, but insists that he is not suing Olsen as an individual. The court can see no distinction between Olsen as an individual and Olsen as master and operator, but Strom's proposed amendments fail for the following reasons even if such a distinction were possible.

#### a. Unseaworthiness Claim

■ Strom contends that Olsen is liable as master and operator for the unseaworthiness of the vessel. The court rejects this argument. The caselaw is clear that only the owner or the bareboat charterer of a vessel can be held liable on that ground. *Baker v. Raymond International, Inc.,* 656 F.2d 173, 181–82 (5th Cir.1981); *Guidry v. Continental Oil Co.,* 640 F.2d 523, 530 (5th Cir.1981).

#### b. Negligence Claim

■ In order to establish a claim for negligence against Olsen under the Jones Act, 46 U.S.C.App. § 688, Strom must prove that he was injured in the course of his employment. G. Gilmore & C. Black, Jr., *The Law of Admiralty* § 6–21 at 328 (2d ed. 1975), *Wheatley v. Gladden,* 660 F.2d 1024, 1026 (4th Cir.1981). Strom has failed to set forth any facts tending to establish the existence of an employment relationship between himself and Olsen in response to defendants' argument that Strom was a co-owner and not an employee.

#### c. Maintenance and Cure

■ The payment of maintenance and cure is an obligation imposed on the vessel owner and on the vessel. *Calmar Steamship Corp. v. Taylor,* 303 U.S. 525, 527, 58 S.Ct. 651, 652, 82 L.Ed. 993 (1938). Therefore, Olsen as master and operator of the vessel cannot be liable for maintenance and cure.

#### 2. Motion to Assert *In Rem* Jurisdiction over Vessel

■ Strom seeks to assert *in rem* jurisdiction over the vessel on the grounds that

---

**1.** Strom argues that *Carr* is distinguishable because it concerned an unincorporated association and not a partnership. But he never explains why the reasoning of *Carr* is not equally applicable to either arrangement. The court fails to see any distinction.

he has valid maritime liens against it for maintenance and cure and for personal injuries suffered as a result of the vessel's unseaworthiness. However, as held above, Strom has not set forth any facts tending to prove that he qualifies as a seaman employed aboard the vessel, one of the requirements for the validity of such liens. He has also not demonstrated that, as an owner of the vessel, he is one to whom the duties of seaworthiness and maintenance and cure are, or can be, owed.

**3. Motion to Add PacMar as Defendant**

■ Strom's sole jurisdictional basis for adding PacMar as defendant in this case is pendent jurisdiction. Given the court's decision to dismiss all of his claims against the partnership and the court's denial of his motions to add claims against Olsen and to assert *in rem* jurisdiction over the vessel, the court must also deny his motion to add PacMar as a defendant.

**C.** *Strom's Motion for Prearrest Hearing and for Bond*

■ This motion is denied for the same reasons given for denying Strom's motion to assert *in rem* jurisdiction over the vessel.

**III. CONCLUSION**

Defendant partnership's motion for summary judgment is GRANTED, and plaintiffs' motions for leave to amend their complaint and for prearrest hearing and bond are DENIED.

IT IS SO ORDERED.